FILED
2008 Jul-09 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 JUL -8 PM 3:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOMESALES, INC.,<br>Plaintiff,<br><br>versus<br><br>Robert E. Pinyan,<br>Susan Z. Pinyan,<br>Ryan Pinyan, and<br>Fictitious Parties A-Z,<br>Defendants. | Civil Action No. <u>CV-08-J-0938-S</u><br><br>Removed from Blount County Circuit<br>Court Civil Action No. CV-2006-315<br><br>JURY TRIAL DEMAND AS OF<br>CONSTITUTIONAL RIGHT<br>BY U.S. STATUTE, and according to<br>the Federal Rules of Civil Procedure |

## <u>Robert Earl & Susan Zilpha Pinyan's Conditional Response to Plaintiff's Motion for "Summary Judgment" and Defendant's Motion for Stay Pending Motion to Reopen Bankrupty</u>

Concurrent with the filing of this Motion, Defendants Robert Earl and Susan Zilpha Pinyan have filed a Motion to Reopen their 2002 (2003 discharged) bankruptcy case (and paid the filing fee therefore) pursuant to 11 U.S.C. §350 and Federal Bankruptcy Rule 5010 (Motion to Reopen attached as Exhibit A):

> Rule 5010. Reopening Cases
> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

The purpose of Defendants Robert Earl & Susan Zilpha Pinyan's Motion to Reopen their Bankruptcy is to provide relief to these debtors which SHOULD have been provided in the original bankruptcy proceedings. Defendants were injured and prejudiced in their earlier Bankruptcy Proceedings by mistakes or omissions made by their attorneys during the 2002-2003 bankruptcy proceedings of which these Defendants were not aware until after about June 23, 2008, when Plaintiff Homesales' filed their Response to Defendants'

*Robert & Susan Z. Pinyan's Conditional Response to Plaintiff's Motion for "Summary Judgment" and Defendant's Motion for Stay Pending Motion to Reopen Bankruptcy*     1

Motion to Strike Plaintiff's Motion for Summary Judgment. Plaintiff's response to Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment revealed several flaws in Defendants' position after bankruptcy of which the defendant's were heretofore unaware: (1) the Defendant's were misled by their attorneys about the results of their bankruptcy case so that (2) Defendants honestly believed an exemption had been claimed and registered for their home in the Bankruptcy Schedules which had not been claimed and registered and (3) there was even a motion for relief from stay of which the debtors were unaware. Again, the Defendants' ignorance was a result of their attorneys' failure to cooperate with them and keep them informed, or even perform according to their agreement, and thus, Defendants' long delay in filing this motion to reopen is not their fault (they filed and swore to the facts alleged in their Motion to Strike Plaintiff's Motion for Summary Judgment in Good Faith, believing the facts to be those alleged under oath and verified on June 16, 2008):

> In denying motion to reopen, bankruptcy court not only incorrectly applied doctrine of judicial estoppel, but also erred in not allowing debtors to testify that it was their attorney's error in failing to list asset that resulted in purported estoppel; evidence of inadvertent omission of claim in bankruptcy case was reasonable and appropriate factor to consider when analyzing judicial estoppel. ***Riazuddin v Schindler Elevator Corp. (In re Riazuddin)*** (2007, BAP10) 363 BR 177.

According to Chapter 3 of Collier's Bankruptcy (3-350 Collier on **Bankruptcy**-15th Edition Rev. P 350.03) debtors' desire to file a motion to avoid a lien under section 522(f) of the Code constitutes a valid and permissible ground for reopening a bankruptcy. The majority of courts hold that a debtor may **reopen** a **bankruptcy** case to file a lien avoidance action unless the creditor has been unduly prejudiced by delay on the debtor's part. Unlike other provisions in the Code and rules, neither section 522(f) nor Federal Rule of **Bankruptcy** Procedure 4003(d), both governing lien avoidance motions, sets a deadline for the filing of these motions. Indeed, because the power to avoid a lien is a personal right of the debtor, having no bearing on the administration of the **bankruptcy** case, it is

doubtful that the case has to be reopened at all to hear such a motion, which is clearly within the jurisdiction of the court.

The simple fact of this case, as the Defendants now realize is that former Debtors Robert Earl and Susan Zilpha Pinyan were misled by their attorney who informed them that this particular debt (the house, subject of Homesales' present suit) was exempt AND that the exemption had been claimed and had survived the final discharge in bankruptcy. Debtors were alarmed and shocked to discover, upon reading and reviewing the Exhibits to Homesales' June 23, 2008, Response to their Motion to Strike, that the deal they had believed they had stricken with their creditors (giving up the majority of their assets in exchange for retaining her inherited home), that the debtors' attorneys had not put this contractual agreement (supported by consideration) into effect."

The United States Supreme Court has specifically noted that it may be inappropriate to apply judicial estoppel when a party's prior position was based on inadvertence or mistake. Judicial estoppel is an equitable doctrine which should take into account all of the relevant factual circumstances of each situation. The intent of the party to be estopped is one such relevant factor. Evidence of an inadvertent omission of a claim for exemption in a bankruptcy case is a reasonable and appropriate factor to consider when analyzing judicial estoppel. Judicial estoppel is designed to protect the integrity of the court system, not any individual litigant. Judicial reliance requires that the party to be estopped succeeded in persuading a court to accept his earlier inconsistent position. This element requires both that the court accepted the inconsistent position, and that the party to be estopped "succeeded" in some way, i.e., that he received a benefit as a result of the court's acceptance of his position. As the United States Supreme Court has stated, absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. ***Riazuddin v. Schindler Elevator Corp. (In re Riazuddin),*** 363 B.R. 177, 186-187 (U.S. Court of

**Appeals for the 10th Circuit, 2007)(citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)**(other citations and internal quotation marks omitted):

> Additionally, we cannot say that the Debtors succeeded or benefitted from the omission of the claim. Unlike the situation in <u>Johnson v. Lindon City</u>, where the initial position of the criminal defendants enabled them to obtain favorable plea bargains, the Debtors did not gain anything as a result of the bankruptcy court's "acceptance" of their schedules as filed. Appellee's argument that the Debtors received a "no-asset" discharge as a result of the bankruptcy court's reliance on their schedules is specious. There is no such thing as a "no-asset" discharge under the Bankruptcy Code. The Debtors did receive a Chapter 7 discharge of their debts, but this discharge had no relation whatsoever to the assets they listed on their schedules. They would have received the same discharge whether the claim against Appellee was listed or not. The discharge is subject to revocation if it is shown that it was procured by fraud, and indeed, the United States Trustee is apparently pursuing such an action against the Debtors. The fact that a discharge was granted does not demonstrate that the bankruptcy court was misled or that the Debtors "succeeded" in the bankruptcy case as a result of the omission of the claim.

**The failure of the Pinyans' attorneys to preserve Susan Zilpha Pinyan's inherited home was no success in the former litigation, nor did the Defendants herein gain any other advantage from their attorneys' error.**

**Furthermore, Susan Zilpha Pinyan will testify under oath that she has repeatedly and insistently requested that her attorneys provide her with the full records of the bankruptcy court proceedings, and that they have BOTH failed and refused to honor her requests, and have in fact ordered her to cease and desist communication with them.**

**Defendants' Susan Zilpha & Robert Earl Pinyan still reside in their home, subject of this litigation, so there is still a justiciable purpose to this Motion to Reopen—i.e., the house has neither been finally foreclosed nor sold, and accordingly the courts can still grant relief to these defendants and former debtors by reopening the case.** Wherefore, Defendants Susan Zilpha and Robert Earl Pinyan file this Conditional Response to Plaintiffs' Motion for Summary Judgment: the bankruptcy

predicate for the foreclosure is an inaccurate reflection of the agreement of the debtors to obtain bankruptcy discharge, in that exemptions promised were not provided by the attorneys in charge.

Accordingly, the Defendants have reinstated their bankruptcy petition and ask that this court abate the foreclosure by reimposing a stay until the former debtors' petition to reopen can be reviewed and granted.

Respectfully Submitted,

Saturday, July 5, 2008

_____
Robert E. Pinyan, *in propia persona*

_____
Susan Z. Pinyan, *in propia persona*

_____
Ryan Pinyan, *in propia persona*

### VERIFICATION

Suzan Z. Pinyan, personally known and/or lawfully identified to me, appeared in person on this Saturday July 5, 2008, and having been duly sworn upon her oath, she did depose and testify to the facts set forth above-and-foregoing Conditional Response to Plaintiff Homesales' Motion for Summary Judgment and Motion for Stay Pending Motion to Reopen Bankruptcy, having been warned that she did so under her oath and lawful penalty of perjury.

_____
NOTARY PUBLIC, BLOUNT COUNTY
STATE OF ALABAMA

Printed Name of Notary: Janice Warren

My Commission Expires: 3-29-2011

*Robert & Susan Z. Pinyan's Conditional Response to Plaintiff's Motion for "Summary Judgment" and Defendant's Motion for Stay Pending Motion to Reopen Bankruptcy*

## VERIFICATION

Robert E. Pinyan, personally known and/or lawfully identified to me, appeared in person on this Saturday July 5, 2008, and having been duly sworn upon his oath, he did depose and testify to the facts set forth above-and-foregoing Conditional Response and Motion to Stay Proceedings Pending Motion to Reopen Bankruptcy Proceedings, having been warned that he did so under his oath and lawful penalty of perjury.

_____
NOTARY PUBLIC, BLOUNT COUNTY
STATE OF ALABAMA

Printed Name of Notary: JANice WArren

My Commission Expires: 3-29-2011